# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY SPENCE,<br>      Plaintiff,<br><br>v.<br><br>COLORADO TECHNICAL UNIVERSITY,<br>      Defendant. | C.A. No.:<br><br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

SHERRY SPENCE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COLORADO TECHNICAL UNIVERSITY ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Erie, Pennsylvania 16512.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 4435 N. Chestnut Street, Colorado Springs, CO 80907.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning sometime during 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant contacted Plaintiff, on average, multiple times every other day.

14. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice before transferring the call to a live agent.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding their educational programs.

17. Plaintiff knew that Defendant was calling her because she spoke to male and female callers who identified their name as the Defendant's during calls.

18. It was annoying and harassing for Plaintiff to be called on her cellular telephone with such frequency.

19. Desiring to stop the repeated telephone calls, on more than one occasion in 2015 and 2016, Plaintiff spoke with Defendant's callers to advise them she no longer wanted to be contacted on her cellular telephone after the calls began in 2015, revoking any consent that may have been previously given to Defendant to contact her on this number.

20. Defendant heard Plaintiff's instructions to stop calling her.

21. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

22. Rather, Defendant continued to call Plaintiff on her cellular telephone.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERRY SPENCE, respectfully prays for a judgment as follows:

PLAINTIFF'S COMPLAINT

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHERRY SPENCE, demands a jury trial in this case.

                      RESPECTFULLY SUBMITTED,

                      By: /s/ Amy Lynn Bennecoff Ginsburg
                      Amy Lynn Bennecoff Ginsburg, Esq. (275805)
                      Kimmel & Silverman, P.C.
                      30 East Butler Pike
                      Ambler, PA 19002
                      Telephone: (215) 540-8888
                      Facsimile (215) 540-8817
                      Email: aginsburg@creditlaw.com
                      Attorney for Plaintiff

Dated: July 8, 2016

PLAINTIFF'S COMPLAINT